No. 96-2162

Dale W. Kunkel; James L. Curtis,    *
                                     *
          Plaintiffs,                *
                                     *
Donald R. Simpson, Jr.,              *
                                     *
          Appellant,                 *   Appeal from the United States
                                     *   District Court for the
     v.                              *   Eastern District of Missouri.
                                     *
Dora B. Schriro; Paul Delo;          *      [UNPUBLISHED]
Steve Long; Fred Johnson; Ray        *
Pogue; Lisa C. Bowen; Harry          *
Gamble; Bill Rodgers; Charles        *
Harris, in their individual and   *
in their official capacities,        *
                                     *
          Appellees.                 *


Submitted:  December 26, 1996

    Filed:  January 2, 1997


Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.


PER CURIAM.

     Donald R. Simpson, Jr. appeals from the district court's[1]
judgment granting defendants summary judgment in this 42 U.S.C.
§ 1983 action.  Simpson was an inmate at Potosi Correctional Center
(PCC). Pursuant to PCC policy, Simpson--as a non-capital punishment
inmate requiring protective custody--was placed in Administrative
Segregation "No-Contact" Protective Custody (ASNCPC).  As an inmate

_____

     [1]The Honorable Donald J. Stohr, United States District Judge
for the Eastern District of Missouri.

placed in ASNCPC, his contacts with other inmates were curtailed, he was prohibited from actual contact with visitors, and restrictions were placed on the types of personal property he could retain in his cell. Simpson claimed that he was denied equal protection, in violation of the Fourteenth Amendment, because he was treated differently from inmates placed in Capital Punishment Protective Custody who retained "the same privileges and constitutional rights of the general population inmates"; and that he was punished in violation of the Eighth Amendment, because even though he was placed in ASNCPC for his protection and not for punishment, he was deprived of these constitutional rights and privileges. The district court granted defendants' motion for summary judgment, Simpson timely appealed, and we now affirm.

We review the district court's grant of summary judgment de novo. See Demming v. Housing and Redevelopment Auth., 66 F.3d 950, 953 (8th Cir. 1995). We conclude the personal property and no contact restrictions placed on PCC's ASNCPC inmates were reasonably related to maintaining security--which "is clearly a legitimate penological objective." Cf. Hosna v. Groose, 80 F.3d 298, 304-05, 305 n.10 (8th Cir.) (quoted case omitted) (equal protection requirements; personal property restrictions reasonably related to "heightened" security risk posed by administrative segregation inmates), cert. denied, 117 S. Ct. 164 (1996); Brock v. Rutherford, 468 U.S. 576, 589 (1984) (Constitution does not require that detainees be allowed contact visits after determination that such visits will jeopardize prison security).

We further conclude that Simpson was not unconstitutionally punished in violation of the Eighth Amendment. See Farmer v. Brennan, 114 S. Ct. 1970, 1976 (1994) (prisoner complaints subject to Eighth Amendment scrutiny); Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995) (Eighth Amendment violation requires deliberate

-2-

indifference).  Accordingly, we affirm.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.